**STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant,**

**v.**

**Mike A. CHRISTIE, et al., Respondents.**

**No. WD 45033.**

Missouri Court of Appeals, Western District.

May 5, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1992.

Application to Transfer Denied Sept. 22, 1992.

William David Farrar, Kansas City, for appellant.

Elvin S. Douglas, Jr., Harrisonville, for respondents.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Missouri Highway and Transportation Commission (MHTC), appeals from a judgment entered pursuant to a jury verdict in a condemnation action. MHTC commenced the condemnation action against respondents Bearl G. Dean and his wife, Maxine Dean in regard to the widening of Missouri Route 58 in Cass County, Missouri.

The widening of Route 58 required the taking of .4 of an acre from a 278.31 acre tract owned by the Deans. Of the total acreage, 74.615 acres were zoned C–2, which allowed for both general and controlled business uses. The remaining 203.-695 acres were zoned light industrial. The .4 of an acre taken was part of the 74.615 acres zoned C–2.

The widening project required a 60 foot strip south from the centerline along Highway 58. MHTC already held right of way to the initial 30 feet south of the centerline. The .4 of an acre taken from the respondents was a strip 30 feet deep by 585 feet long abutting the south right of way line of Highway 58.

The condemnation Commissioners duly appointed in this cause awarded $78,000.00 for the .4 of an acre taken. MHTC paid the Commissioner's award into court and filed exceptions. A change of venue was then ordered from Cass County to Johnson County pursuant to motion by MHTC.

At trial, Bearl Dean testified that in his opinion before the taking the entire 278.13 acres had a value of $3,638,000 and after the taking the remaining 277.73 acres had a value of $3,548,000.00. The difference being $90,000.00. Bearl Dean testified that although the portion of his land from which the .4 acre was taken was zoned for commercial use, and the remainder for light industrial use, that no development had occurred and the property was all used as farmland. Bearl Dean testified that in his opinion the highest and best use of the property taken was for commercial use and

the highest and best use for the entire 278.31 acres was for planned development. At one point in his testimony, Bearl Dean acknowledged that to achieve the highest and best use for the entire tract there might be some need to alter the zoning on some of the property, but later testified that he had no plans to seek a zoning change.

Jack Mattocks, an expert real estate appraiser, testified on behalf of the respondents at trial. Mattocks testified that the value of the entire 278.13 acres before the taking was $3,193,500.00 and after the taking, the value was $3,115,000.00. Mattocks assessed damages at $78,500.00. Mattocks saw the highest and best use of the property taken as commercial development for business such as service stations and convenience stores. Mattocks saw other commercial uses off the direct frontage to Highway 58 and testified that the property would be best used for planned development with the potential for a mix of commercial, light industrial and residential uses. Mattocks spoke in terms of the respondents' being able to sell off portions of their property for various uses in giving his opinion as to the before and after value.

MHTC attempted to offer evidence at trial to show that damages for the property taken were affected by the fact that respondents would have to subdivide their property to realize its highest and best use. MHTC argued that any subdivision would require that respondents dedicate that portion of their property within 50 feet of the centerline of Highway 58 to the City of Raymore, thus reducing the amount of property taken and the resulting damages.

MHTC made an offer of proof at trial attempting to show that if the respondents chose to subdivide their property they would be required to dedicate to the City of Raymore 20 feet out of the 30 feet taken for the entire 585 foot frontage taken. In its offer of proof, MHTC offered the testimony of Jerry Davis, Director of Community Development for the City of Raymore. Davis testified that applications for approval of subdivision plats have to be filed in his office. Davis further testified that all subdivisions in Raymore abutting Highway 58 are required to dedicate a 50 foot deep strip of land from the centerline of Highway 58 to the City of Raymore as a prerequisite to subdivision approval. In its offer of proof, MHTC further presented evidence to show a number of specific instances where dedication of all land within 50 feet of the centerline of Highway 58 had been required for approval of subdivision plats for property fronting on Highway 58 within the City of Raymore.

MHTC further introduced, within its offer of proof, the following City of Raymore Subdivision Regulations which, contrary to respondent's argument on appeal, establish the authority for the City of Raymore to require dedication of land to the City as a condition for subdivision approval: (1) § 43.065 which describes subdivision as occurring whenever any lot or any parcel of land is sold, transferred or leased; (2) § 43.045 which expresses the city's approval of a subdivision plat as conferring a privilege upon the developer which requires the developer, seeking the benefits of lot subdivision, must comply with reasonable conditions set out by the board of aldermen for dedication to the City of Raymore; and (3) § 43.320 which provides that no subdivision shall be approved unless the area to be subdivided has frontage on and access from an existing state highway which highway must be suitably improved as required by the city, with the width and right-of-way required by the subdivision regulations. Section 43.320 also states that wherever the area to be subdivided is to utilize existing road frontage, said road shall be suitably improved as provided in the subdivision regulations. Section 43.320 further directs that the Planning Commission shall require that the entire right-of-way required by the subdivision regulations be dedicated to the City of Raymore as a condition of final plat approval.

At the conclusion of the offer of proof the trial court ruled the evidence inadmissible. In it's sole point on appeal MHTC argues that the trial court erred by refusing this evidence pursuant to its offer of proof.

"When a part of a tract of land is condemned, the appropriate measure of damage is the difference between the fair market value of the entire property before the taking and the fair market value after the taking." *Missouri Highway & Transportation Commission v. Horine,* 776 S.W.2d 6, 12 (Mo. banc 1989). "Any factor that has a present quantifiable effect on the market value of the property is proper as an element of damages." *Id.* For example, "when determining just compensation for condemned property, it is proper to take into account rezoning which was reasonably probable just before or after the taking and which affected the fair market value of the property at either of those times." *State v. Sturmfels Farm Limited Partnership,* 795 S.W.2d 581, 585 (Mo.App. 1990).

In *Sturmfels,* property owned by Sturmfels was taken by MHTC for purpose of highway right-of-way. Both Sturmfels and MHTC filed exceptions to the award of the commissioners. Thereafter, and before trial, Sturmfels entered into a contract to sell the balance of its property not taken, contingent upon rezoning. The property was rezoned by ordinance which required Sturmfels to dedicate, for public use, the right-of-way that was otherwise condemned. The trial court refused to allow evidence of the required dedication on the question of damages in the condemnation action. The trial court was reversed on appeal.

On appeal, the court in *Sturmfels,* 795 S.W.2d at 586, held that since rezoning that is reasonably probable may be considered when determining just compensation for taken property, that a reasonable probability of dedication was likewise a proper element of damages in a condemnation case. *Id.* at 586. The probability of dedication is considered as an affirmative defense which the condemning authority has the burden of proving on the basis of two distinct elements: (1) a dedication requirement would have been constitutional, based upon a reasonable relationship between the dedication and the activity for which authorization from the local governmental entity was sought[1], and (2) a reasonable probability that the relevant governmental entity would have required dedication if it were legal to do so. *Id.* at 587. Factors relevant to the probability of approval of the authorization from the local governmental entity in general and dedication as a precondition to approval by the local governmental entity in particular include, neighborhood changes, general changes in land use, and a pattern of prior similar actions by the zoning authority. *Id.* at 588.

The record in the case at bar was sufficient to show that a dedication requirement would have had a reasonable relationship to subdivision of the property. The need to subdivide was reflected in the testimony relevant to what would be necessary to achieve the highest and best use for the property. Subdivision would have been required if the Deans were to sell their land in parcels for the variety of uses that the evidence reflected were appropriate to achieve the highest and best use for the property. There was no evidence that the Deans intended to develop and retain ownership of the property themselves in pursuing its highest and best use. Furthermore, there was a reasonable probability that the City of Raymore would have required dedication, by virtue of its policy in regard to dedication and the other instances where dedication was required for subdivision of property fronting on Highway 58 within the City of Raymore.

Where there is evidence that subdivision of property will be necessary to achieve the property's highest and best use, a reasonable probability of a dedication requirement is a proper element of damages. The trial court erred to MHTC's prejudice, by refusing MHTC's evidence in regard to the need for dedication of the property within 50 feet of the centerline of Highway 58.

1. *Sturmfels* dealt with a question of dedication of some property in exchange for rezoning of other property. In the case at bar, the evidence sought to be introduced was in regard to the necessity of dedication of some property in exchange for subdividing other property.

The judgment is reversed and this cause is remanded for new trial.

All concur.