Barry I. PESSIN, et al., Appellants,

v.

**STATE TAX COMMISSION OF MISSOURI, et al.,** Respondents.

No. 63793.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 8, 1994.

Application to Transfer Denied May 26, 1994.

Suelthaus & Kaplan, P.C., Robert J. Selsor & Stuart H. Zimbalist, St. Louis, for appellants.

John A. Ross, County Counselor, Edward W. Corrigan, Asst. County Counselor, Clayton, for respondent County.

W.B. Tichenor & Randall Turley, Jefferson City, for respondent State.

KAROHL, Judge.

Plaintiffs are partners and partnerships who own multi-unit housing complexes in St. Louis County, Missouri. Plaintiffs filed a four count petition seeking reclassification and then reassessment of these properties from commercial to residential. Commercial real estate is taxed at 32% of the assessed value, residential at 19%. Sections 137.016.-1(1) & (3) and 137.115.5 RSMo 1986. The trial court determined that it could not reach the question of whether plaintiffs are entitled to reclassification because they failed to pursue and exhaust their administrative remedies by application to the St. Louis County Board of Equalization and, if necessary, appeal to the State Tax Commission of Missouri. For that reason the trial court dismissed the petition. We affirm.

This case involves a dispute over 1992 real estate taxes. The amount in controversy is the difference between the amount of tax for plaintiffs' property as commercial and plaintiffs' property as residential. In November and December, 1991, plaintiffs complied with the provisions of the Condominium Property Act, §§ 448.005 to 448.210 RSMo 1986, by recording a declaration for condominiums for their apartments and a plat as required by §§ 448.030 and 448.040. Plaintiffs intended to convert apartments into condominiums and thereby make the property "residential" for purposes of taxation because of the definition of residential property in § 137.016.-

1(1) RSMo 1986. Condominiums are defined as residential properties.

No condominium units have been sold. Accordingly, plaintiffs continue to operate their properties and collect rent from tenants who occupy condominium units in the same manner they collected rent on apartments.

In the fall of 1992, plaintiffs received their tax bills which were determined by the continued classification of the property as commercial and application of the tax rate of 32%. A change in valuation did not occur and valuation is not an issue in the dispute. Counsel for plaintiffs requested the assessor and the State Tax Commission to reclassify the properties in the same manner as other "conversions" had been reclassified. The request was refused, in part, because of a decision of the State Tax Commission issued on July 1, 1992. The Commission decided in the case of *St. Louis Questover Associates v. Morton, Assessor for St. Louis County, Missouri,* Appeal No. 91–10655, that the form of ownership is not decisive in determining the classification of real estate for tax purposes. The Commission held the proper basis for assessment of condominiums was "the actual use of the subject property." The effect of the *Questover* opinion was to deny the taxpayer a reclassification of an apartment building after conversion by the owners to condominiums when the owners of an entire multi-unit complex failed to occupy the units as a tenant.[1]

Count I of the petition filed in the present case requested: (1) a declaratory judgment respecting the rights and remedies and legal obligations of plaintiffs taxpayers, the State Tax Commission of Missouri and Kenneth Morton, as Assessor of St. Louis County, Missouri with reference to the *Questover v. Morton* decision; (2) a court ordered reclassification of plaintiffs' condominiums as residential under Article X, § 4(a) and (b) of the Missouri Constitution and § 137.016 RSMo 1986; (3) recalculation of plaintiffs' 1992 real estate taxes using residential property tax rate; and, (4) if applicable, refunds of taxes paid under protest be made and cost and expenses be borne by defendants.

■ Counts II, III and IV sought alternative relief in the form of a Writ of Mandamus ordering defendants to reclassify plaintiffs' condominium properties as residential, a Writ of Prohibition prohibiting defendants from applying a "rule" set forth in *Questover v. Morton,* and judicial review of the ruling. The denial of a writ, where no provisional writ was issued, is not an appealable order. *Gullic v. City of Fredericktown,* 679 S.W.2d 436, 437 (Mo.App.1984). Plaintiffs abandoned Count IV which sought review of the Tax Commission ruling in *Questover v. Morton* where they were not parties.

■ Five of six claims of error are directed at the Count I declaratory judgment cause of action. The sixth claim of error is directed only at denial of extraordinary writs. It is not properly before us. The underlying issue in plaintiffs' claims of error is whether the trial court had subject matter jurisdiction to enter a declaratory judgment which would result in a reclassification of plaintiffs' properties from commercial apartments to residential condominiums. We need not address each of the other five claims of error individually because we hold the court properly applied the doctrine of exhaustion of administrative remedies and determined that it did not have jurisdiction to judicially determine plaintiffs' real estate taxes for the year 1992.

Administrative remedies were available to plaintiffs from January 1, 1992, to the third Monday in June. Plaintiffs acknowledge they did not attempt any administrative remedy after receiving 1992 tax bills sometime in October of 1992. At that time there were no administrative remedies available. In preparing plaintiffs' 1992 tax bills the county assessor took no notice of the 1991 condominium recordings. He did not reclassify, revalue, reassess or otherwise change the real estate taxes on plaintiffs' properties as billed and paid in 1991. Accordingly, no notices of change were sent in the first half of 1992. Section 137.180 RSMo 1986 requires the assessor to send notice only when he increases the valuation of any real property. The administrative procedure is for an aggrieved

---

1. We have informally been advised that the *Questover v. Morton* opinion of the Tax Commission is still under judicial or administrative review and no final judgment has been entered.

taxpayer. But, plaintiffs were not aggrieved by any affirmative act of the assessor before they received the tax bills. Thus, they were not informed of any decision subject to remedy as authorized in § 137.385 RSMo 1986. That section permits a taxpayer aggrieved by an assessment to appeal to the Board of Equalization if the appeal is filed before the third Monday in June. In the absence of such appeal and review by the Board of Equalization there was no ruling subject to review before the State Tax Commission on the authority of §§ 138.110 and 138.430 RSMo 1986.

After receiving tax bills based upon commercial classification plaintiffs contacted the Commission by letter on October 19, 1992. Relief for that year was rejected. The request came too late. For the tax years beginning in 1993, all of these procedural options were available to plaintiffs and they have engaged in the administrative process.

The doctrine of exhaustion of administrative remedies, if applicable, is a jurisdictional requirement. *State ex rel. J.S. Alberici v. City of Fenton,* 576 S.W.2d 574, 577 (Mo.App.1979). The doctrine requires recourse to an agency for relief as a condition for judicial relief where the agency is empowered to grant relief. *Sperry Corp. v. Wiles,* 695 S.W.2d 471, 472 (Mo. banc 1985) (citing 2 Am.Jur.2d *Administrative Law* § 595 (1962)). Plaintiffs do not dispute the doctrine. They dispute its application. They contend the issue in the present case is one of failure to reclassify, where assessment, not classification, is the subject of an appeal, first to the Board of Equalization and from the Board to the State Tax Commission. In their view the administrative remedies are for assessments, not classifications. Thus, they conclude they may file a court proceeding for reclassification without pursuing the administrative procedure to contest an assessment.

We reject this theoretical argument because it is not possible to assess property without a pre-determination of classification and a taxpayer may be aggrieved from an assessment where the "over assessment" is traceable to either an improper classification or improper valuation, or both. An assess-

ment requires consideration of three components: classification, valuation, and tax rate. An appeal to the Board of Equalization because of an "over assessment" of 1992 taxes was available to plaintiffs for their multi-unit properties, providing it was timely filed before the third Monday in June of 1992. That appeal could have contested the assessment solely because the properties were not properly classified as residential on January 1, 1992. The Board of Equalization, and subsequently the State Tax Commission, would have had an opportunity and authority to decide the merits of the purely legal issues which plaintiffs raised in their circuit court petition if plaintiffs had initiated steps to obtain an assessment decision from the assessor on the conversion and timely utilized the administrative process. The administrative procedure for 1992 was available to review classification, assessed valuation, or any other issue which showed the January 1, 1992 assessment to be "unlawful, unfair, improper, arbitrary or capricious." Section 138.430.1 RSMo 1986. That avenue of relief has been pursued by plaintiffs to contest 1993 and future real estate taxes on their properties. The assessor was not required by duty to inform plaintiffs before the third Monday in June that no automatic reclassification had occurred. Section 137.180 RSMo 1986. Plaintiffs could have inquired and learned there was no reclassification in time to have filed an appeal. Their failure does not constitute a reason to conclude there was no opportunity to appeal the 1992 taxes.

Because we have determined the trial court correctly held it had no original subject matter jurisdiction to review plaintiffs' 1992 real estate taxes and to issue orders effecting reassessment or reclassification, we do not reach and do not decide the specific claims of error.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.