STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent,

v.

Mike A. CHRISTIE, Peter and Mary Jane Brune, James E. and Fran E. Pohrer, Oak Park Bank, Christie Co., Inc., Benny C. Odom, Fifty–Eight/Seventy–One Development, Ltd., George Wyley Wyatt, Jr., Maurine Wyatt, Wanda Wyatt Tarpey, Wyley Wyatt III, Charles E. Hight, James and Barbara Borgman, Dean–Co

Farms, Inc., Omni Outdoor Advertising of Missouri, Golden Corral Corporation, Harry Edward and Louise A. Fleetwood, Community Bank of Raymore, Fleetwood Chevrolet Company, Inc., and Bank 10, Defendants,

Bearle G. Dean and Maxine
J. Dean, Appellants.

No. WD 48475.

Missouri Court of Appeals,
Western District.

Oct. 4, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1994.

Application to Transfer Denied
Jan. 24, 1995.

**2**

Elvin S. Douglas, Jr., Harrisonville, for appellants.

William David Farrar, Judy L. Curran, Kansas City, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

Bearle G. Dean and Maxine J. Dean appeal the trial court's judgment in a condemnation action initiated by the Missouri Highway and Transportation Commission. The Deans complain that the trial court erroneously permitted the jury to consider evidence that the Deans probably would have had to dedicate part of the condemned land to Raymore anyway for right-of-way. They also complain that the trial court erroneously recognized a former Raymore official as an expert. We affirm.

The dispute arose when MHTC decided to take four-tenths of an acre from the Deans' 278–acre farm so the state could widen Missouri Route 58. To compensate for the taking, MHTC paid the court-appointed commissioners' award of $78,400 into the court's registry but filed exceptions to the commissioners' report. The Deans withdrew the full amount of the commissioners' award.

In the first trial of this action, the jury valued the land taken by MHTC at $55,000. The Deans repaid the excess of their withdrawal into the court registry. MHTC appealed, and this court reversed the judgment. *State of Missouri, ex rel. Missouri Highway and Transportation Commission v. Christie*, 835 S.W.2d 328 (Mo.App.1992).

In the second trial, the jury valued the land at $4000. The trial court entered judgment against the Deans for $61,416.39, the difference between the jury's value and the amount withdrawn by the Deans, plus interest. This is the judgment before us in this appeal.

### Mootness

Before we consider the Deans' complaints of trial error, we must resolve a pending motion by MHTC to dismiss the Deans' appeal. MHTC contends that the appeal is moot because the Deans voluntarily paid the judgment in full the same day they initiated this appeal. The Deans sent MHTC checks totalling $61,416.39, the judgment amount, and explained in a cover letter, "Please find enclosed checks ... pursuant to the Judgment Entry[.]"

We disagree with MHTC that this payment rendered the Deans' appeal moot. Although we recognize the rule that voluntary satisfaction of a judgment renders any appeal from that judgment moot, *Kinser v.*

*Elkadi,* 654 S.W.2d 901, 904 (Mo. banc 1983), we conclude that the Deans did not pay the judgment voluntarily.

As we noted in *Edith Investment Company, Inc. v. Fair Drug, Inc.,* 617 S.W.2d 567, 569 (Mo.App.1981), paying a judgment to forestall collection should be deemed an involuntary payment when the judgment is appealed without executing a supersedeas bond. The Supreme Court of Missouri cited this decision with approval in *Kinser, id.* at 903.

Long ago, this court's Eastern District offered guidance for determining whether payment of a judgment was voluntary:

> [A payment is involuntary] where a court having jurisdiction of the person and subject-matter renders a judgment which is collectible in due course, for in such case the party cast in judgment cannot resist its execution, and his only remedy is an appeal and reversal for errors; that, if he cannot resist it when execution is attempted, he may as well pay it without execution to save expense and delay, and will not, in such case, be held to have paid voluntarily.... We have looked into many decisions on this subject, and find them practically unanimous in holding that payment of a judgment by a party who got no benefit from it is no obstacle to an appeal[.]

*Lumaghi v. Abt,* 126 Mo.App. 221, 103 S.W. 104, 105–06 (1907).

The Deans took their appeal without executing a supersedeas bond. This not only saved them expense, but it forestalled MHTC's attaching liens to their real estate.[1] The Deans filed their appeal the same day they paid the judgment. We conclude that the payment was involuntary.

### Evidence of Future Dedication

The Deans complain that the trial court permitted MHTC to present two witnesses who opined that the land's highest and best use would require subdivision which, in turn, would have required the Deans to dedicate much of the taken land to Raymore for right-of-way even had MHTC not condemned it. The Deans assert that this was error because city ordinances and policies mandating dedication did not apply to their tract and such evidence was inconsistent with proper principles of land valuation.

We should not address these points because we resolved them in the first appeal. In the first trial, the trial court refused MHTC's evidence concerning future dedication. MHTC made an offer of proof which this court reviewed thoroughly on appeal. 835 S.W.2d at 330–31. We concluded that MHTC's evidence should have been received. It was probative to the issue of damages because it demonstrated a reasonable probability that the Deans would have to dedicate most of the condemned land to Raymore. *Id.* at 331.

This ruling became the law of the case. We are not at liberty to reexamine the issue in this appeal.[2] "Unless there is a change in the issues or the evidence, the court of appeals' previous holding constitutes the law of the case and concludes any issues decided on remand and subsequent appeal." *Gamble v. Hoffman,* 732 S.W.2d 890, 895 (Mo. banc 1987).

■ The Deans assert that their constitutional attacks did constitute a change in the issues. During the second trial, the Deans demanded a hearing on the constitutionality of Raymore's requiring a dedication. The Deans contended that MHTC could not show a reasonable relationship between the dedication requirement and the Deans' use of the land. They asserted that Raymore's only impetus was MHTC's widening of Route 58, and this was improper because it had nothing to do with their use of the land.

The Deans are incorrect that this court did not address constitutionality in the first appeal. We explicitly stated:

> denied their withdrawal instruction that the jury should not consider the evidence concerning dedication.

---

1. Before the appeal, the Deans sold a 30–acre portion of their farm to a retail store chain.

2. Because of this conclusion, we do not address their contention that the trial court erroneously

The probability of dedication is considered as an affirmative defense which the condemning authority has the burden of proving on the basis of two distinct elements: (1) a dedication requirement would have been constitutional, based upon a reasonable relationship between the dedication and the activity for which authorization from the local governmental entity was sought, and (2) a reasonable probability that the relevant governmental entity would have required dedication if it were legal to do so. ... Factors relevant to the probability of approval of the authorization from the local governmental entity in general and dedication as a precondition to approval by the local governmental entity in particular include, neighborhood changes, general changes in land use, and a pattern of prior similar actions by the zoning authority. ...

The record in the case at bar was sufficient to show that a dedication requirement would have had a reasonable relationship to subdivision of the property. The need to subdivide was reflected in the testimony relevant to what would be necessary to achieve the highest and best use for the property.

*Christie*, 835 S.W.2d at 331 (citations and footnote omitted). Hence, the law of the case resolved the issue. The trial court correctly rejected the Deans' constitutional attacks.

### Opinion of Jerry Davis

■ The Deans complain that the trial court erroneously permitted a former Raymore official, Jerry Davis, to express an opinion concerning the probability that Raymore would require the Deans to dedicate part of the condemned land because he was not an appraiser. MHTC presented Davis, director of community development for Raymore from July 1984 to November 1992 whose duties included reviewing subdivision and rezoning applications for Raymore's Planning Commission and its Board of Aldermen.

The point is totally without merit. We find no requirement in law or elsewhere that only an appraiser can give an opinion concerning the probability of dedication. "The qualifications of a witness to render an expert opinion lie within the trial court's discretion." *Mehra v. Mehra*, 819 S.W.2d 351, 355 (Mo. banc 1991). "The trial judge has a broad discretion in determining whether or not a particular witness has sufficiently qualified to give an expert opinion on the subject, and in the absence of abuse of this discretion cannot be successfully charged with error." *State of Missouri ex rel. State Highway Commission v. Cone*, 338 S.W.2d 22, 27 (Mo. 1960). In light of Davis' experience and knowledge, we do not discern any abuse of discretion in permitting his expert testimony. Moreover, the depth and breadth of Davis' experience were pertinent to the weight to be accorded his testimony, not to admissibility of his evidence. *St. Louis Southwestern Railway Company v. Federal Compress and Warehouse Company*, 803 S.W.2d 40, 43 (Mo. App.1990).

### Evidence of Raymore's Growth Management Plan and Subdivision Regulations

■ MHTC introduced into evidence Raymore's Growth Management Plan and its subdivision regulations. The Deans complain that MHTC did not lay sufficient foundation for these documents.[3]

The trial court properly received them pursuant to § 490.240, RSMo 1986, which says:

Printed copies of the ordinances, resolutions, rules, orders and bylaws of any city or incorporated town in this state, purporting to be published by authority of such city or incorporated town, and manuscript or printed copies of such ordinances, resolutions, rules, orders and bylaws, certified under the hand of the officer having the same in lawful custody, with the seal of such city or town annexed, shall be received as evidence in all courts and places in this state, *without further proof;* and any printed pamphlet or volume, purport-

---

**3.** The Deans also assert that the regulations were not relevant because they were not applicable to the Deans' tract; however, after making this contention in their point relied on, they did not argue it. Hence, we deem it abandoned for failure to comply with Rule 84.04. *Price v. Am. Bank of St. Louis*, 793 S.W.2d 593, 597 (Mo.App. 1990).

ing to be published by authority of any such town or city, and to contain the ordinances, resolutions, rules, orders or bylaws of such town or city, shall be evidence, in all courts and places within this state, of such ordinances, resolutions, rules, orders or bylaws.[4]

The Deans complain that MHTC did not establish that the documents had been properly adopted by Raymore authorities. The contention is meritless. The statute does not require such foundation. MHTC produced the Raymore city clerk's certification, under seal, that the documents were "true and correct copies." This, pursuant to the statute, was sufficient foundation.

## Conclusion

We determine that the Deans' appeal was not rendered moot by their payment of the judgment. We conclude that the trial court properly admitted evidence that Raymore would have required dedication of much of the land condemned by MHTC and Davis' opinion testimony. We conclude that the trial court correctly decided not to consider the Deans' constitutionality attack of Raymore's dedication requirement. We affirm the trial court's judgment.

All concur.