LOCAL UNION NO. 124, INTERNATION-
AL BROTHERHOOD OF ELECTRI-
CAL WORKERS, et al., Appellants,

v.

Mike PENDERGAST, Director of
Collections, Respondent.

No. 76810.

Supreme Court of Missouri,
En Banc.

Jan. 24, 1995.

Thomas Sullivan, Edward L. Fitzgerald,
Kansas City, for appellants.

James B. Storkamp, County Counselor,
William J. Gnefkow, Russell D. Jacobson,
Asst. County Counselors, Jackson County,
Kansas City, for respondent.

HOLSTEIN, Judge.

Local Union No. 124, International Broth-
erhood of Electrical Workers (IBEW), ap-
peals a circuit court judgment denying the
union protest of real estate taxes on its tract
of property in Jackson County for 1992 and
1993. Because the issues on appeal involve a
construction of revenue laws of this state,
this Court has jurisdiction. *Mo. Const. art.
V, § 3.* The judgment is reversed and the
cause is remanded with directions to dismiss
the petition.

The IBEW seeks relief from 1992 and 1993
real estate taxes on twenty acres of property
it owns. The property is used as a hiring
hall, a swimming pool and a picnic area for
IBEW members. The property is also used
part-time by charitable organizations, for re-
tired member luncheons, for classes for elec-
tricians and union stewards and, occasionally,
as a meeting hall for other unions.

The IBEW argues that its activities are
those of a "nationally affiliated fraternal, be-
nevolent, veteran or service organization[ ]
which promote[s] good citizenship, humani-
tarian activities or improve[s] the physical,
mental and moral condition of an indefinite
number of people...." § 137.101.[1] It fur-
ther claims that because of such "purely
charitable purposes" it is entitled to a tax
exemption of "such portion of the real ...

1. All references to statutes are to RSMo 1986 unless specified otherwise.

property of such organization[ ] as the assessing authority may determine is utilized in purposes purely charitable from the assessment, levy and collection of taxes." *Id.* This Court does not reach the question of whether the IBEW is entitled to relief.

After the petition was filed, a motion to dismiss was filed by the respondent alleging that IBEW had failed to exhaust administrative remedies. Any person aggrieved by an assessment of taxes may appeal to the county board of equalization. § 137.275. The procedures for review of real estate tax assessments by the board of equalization are found in Chapter 138, RSMo. Depending on the nature of the dispute, two alternatives are provided for appealing a decision of a board of equalization. Disputes regarding valuation and discrimination in valuation may be appealed to the state tax commission with subsequent judicial review pursuant to Chapter 536, RSMo § 138.430.1, RSMo Supp.1993. Other disputes regarding exclusion and exemption of property may be resolved by a *de novo* "appeal to the circuit court of the county in which the collector maintains an office." § 138.430.3, RSMo Supp.1993.

The IBEW admits it did not seek relief before the board of equalization prior to filing this action in circuit court, but argues that it is authorized to proceed without going before the board of equalization pursuant to the provisions of § 139.031.2, RSMo Supp. 1993. That statute provides in part:

[E]very taxpayer protesting the payment of taxes shall, within ninety days after filing his protest, commence an action against the collector by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office. If any taxpayer so protesting his taxes shall fail to commence an action in the circuit court for the recovery of the taxes protested within the time prescribed in this subsection, such protest shall become null and void and of no effect, and the collector shall then disburse to the proper official the taxes impounded, and any interest earned thereon....

■ There is authority for the proposition that resort need not be had to the board of equalization as a precondition to obtaining a judgment against the collector to recover for sums paid under protest. A taxpayer was excused from seeking a charitable exemption from the county board of equalization in a case where property was asserted to be ***wholly exempt*** pursuant to § 137.100(5) and where there was "no valuation or equalization problem." *Pentecostal Church of God v. Hughlett,* 737 S.W.2d 728, 729 (Mo. banc 1987). This case is distinguishable from *Pentecostal Church* in that here both the pleadings and evidence demonstrate that the property in question is not devoted exclusively to charitable purposes qualifying for an exemption under § 137.100(5). The only right to exemption asserted in the pleadings is the partial exemption under § 137.101. That section requires the assessor to determine which portions of the property are used for purely charitable purposes and which portions of the property are used for private economic purposes. Because that issue exists, there is a question of the valuation to be assigned to each part of the property by the assessor. Unlike *Pentecostal Church,* this is not a case in which the tax assessed is claimed to be entirely unlawful or void. *Pentecostal Church* is distinguishable.

■ Reliance on the authority of *Pentecostal Church* is questionable, at best. If that case were given the broad reading suggested by appellants, the circuit court, acting under § 139.031, would have the power to grant to a landowner the same or similar relief that is afforded by the board of equalization. Nothing in § 139.031 invests the circuit court with original authority to fix the assessed value or equalize the assessed value of property. The initial decision as to which parts of the property are exempt under § 137.101 and the value of the nonexempt property are assigned by law to taxing officials. The decisions of the taxing officials fixing valuation and equalizing assessments are subject to judicial review as provided for in § 138.430. *John Calvin Manor, Inc., v. Aylward,* 517 S.W.2d 59, 63–64 (Mo.1974). *Pentecostal Church* has been correctly limited by the court of appeals to authorize a direct attack under § 139.031 only where the assessment is the product of a void agency

order. *Buckhorn Rubber Products, Inc., v. Robison,* 763 S.W.2d 690, 691 (Mo.App.1988). Where an adequate remedy to challenge valuation and equalization is provided under §§ 137.275 and 138.430, that procedure must be exhausted before resorting to circuit court. *See Stout Industries, Inc., v. Leachman,* 699 S.W.2d 129, 132 (Mo.App.1985). IBEW's claim of exemption under § 137.101 involves a question of valuation by the assessor and requires exhaustion of the administrative remedy.

The trial court denied relief on the merits. This Court concludes that because no relief was sought before the board of equalization to establish a correct valuation, the administrative remedy was not exhausted and the trial court could not grant relief under § 139.031. Accordingly, the judgment is reversed and the case is remanded to the trial court with directions to dismiss the petition.

All concur.