**ST. PETERS COMMUNITY HOSPITAL INC., d/b/a/ Barnes St. Peters Hospital, Respondent,**

v.

**Eugene ZIMMERMAN, et al., Appellants,**

**No. 68018.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 5, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1996.

Application to Transfer Denied
Feb. 20, 1996.

Joann Leykam, County Counselor, Stephanie Karr Gastman, Harold A. Ellis, Asst. County Counselors, St. Charles County, St. Charles, for appellants.

V. Scott Williams, Thompson & Mitchell, St. Charles, for respondent.

SIMON, Judge.

Eugene Zimmerman, appellant, appeals the granting of summary judgment in favor of St. Peters Community Hospital Inc., d/b/a Barnes St. Peters Hospital, respondent, in an action for refund of property taxes paid under protest pursuant to § 139.031 RSMo. 1994 (all further references shall be to RSMo.1994 unless otherwise noted).

On appeal, appellant contends that the trial court erred in granting respondent's motion for summary judgment because: 1) it did not have jurisdiction to determine the value of a leasehold interest in land for ad valorem taxation purposes; 2) it did not have jurisdiction to determine the property value of the land because respondent's petition was not timely filed; 3) a genuine question of material fact exists; and 4) it exempted a leasehold interest in privately-owned land without first determining the value of the interest according to the bonus method. We reverse and remand.

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376[1–3] (Mo. banc 1993). However, summary judgment is proper where the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 380–381.

The record shows respondent in 1989 entered into a lease agreement leasing certain real property for use as a parking lot for its employees. In 1991, appellant assessed the value of the total property at $88,320.00 and changed its classification from agricultural to commercial property. Respondent, under protest, paid property taxes of $5,996.94 for tax year 1991, $6,288.40 for tax year 1992, and $6,275.79 for tax year 1993. Respondent then filed a first amended petition against appellant pursuant to § 139.031.2 seeking a court order: a) declaring that respondent is entitled to a charitable property tax exemption for its portion of the property; b) enjoining appellant from assessing that portion of the property which meets the test for the charitable exemption; and c) ordering appellant to refund respondent's property taxes paid under protest for tax years 1991, 1992, and 1993.

Respondent then filed a motion for summary judgment which was granted. In its order, the trial court held that:

1) respondent is entitled to an exemption for the value of its leasehold interest in the property; 2) appellant is enjoined from assessing the value of respondent's leasehold interest for tax year 1991 and all subsequent tax years; 3) the reversion factor advocated by respondent be adopted as the appropriate reversion factor for determining the exempt value of respondent's leasehold interest; and 4) respondent is entitled to a tax refund of taxes paid under protest for tax years 1991, 1992, 1993, and 1994.

In his first point on appeal, appellant contends that the trial court erred in granting summary judgment because it was without jurisdiction to determine the value of a leasehold interest in land for ad valorem taxation purposes.

Here, respondent brought its action pursuant to § 139.031.2 which provides in pertinent part:

[E]very taxpayer protesting the payment of taxes shall, within ninety days after filing his protest, commence an action

against the collector by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office. If any taxpayer so protesting his taxes shall fail to commence an action in the circuit court for the recovery of the taxes protested within the time prescribed in this subsection, such protest shall become null and void and of no effect, and the collector shall then disburse to the proper official the taxes impounded, and any interest earned thereon. . . .

Any person aggrieved by an assessment of taxes may appeal to the county board of equalization. § 137.275. The procedures for review of real estate tax assessment by the board of equalization are found in Chapter 138, RSMo. Depending on the nature of the dispute, two alternatives are provided for appealing a decision of a board of equalization. *Local Union No. 124 v. Pendergast,* 891 S.W.2d 417, 418 (Mo. banc 1995). Disputes regarding valuation and discrimination in valuation may be appealed to the state tax commission with subsequent judicial review pursuant to Chapter 536 RSMo., and § 138.430.1. *Id.* Other disputes regarding exclusion and exemption of property may be resolved by de novo appeal to the circuit court of the county in which the collector maintains an office. *Id.;* § 138.430.3.

However, nothing in § 139.031 invests the circuit court with the original authority to fix the assessed value or equalize the assessed value of property. *Local Union No. 124 v. Pendergast,* 891 S.W.2d at 418[2,3]. The initial decision as to which parts of the property are exempt and the value of the non-exempt property are assigned by law to taxing officials. *Id.* The decisions of the taxing officials fixing valuation and equalizing assessments are subject to judicial review as provided for in § 138.430. *John Calvin Manor, Inc. v. Aylward,* 517 S.W.2d 59, 63–64[4] (Mo.1974). A direct attack under § 139.031 is authorized only where the assessment is the product of a void agency order. *Local Union No. 124 v. Pendergast,* 891 S.W.2d at 418–419[2,3]. Where an adequate remedy to challenge valuation and equalization is provided under §§ 137.275 and 138.430, that procedure must be exhausted before resorting to circuit court. *Id.*

Here, the record reveals that respondent was not seeking a total exemption, but instead, requested that the trial court divide the total assessed value of the property into an exempt portion and a taxable portion. Because that issue exists, there is a question of valuation to be assigned to each part of the property by the assessor. *See Pendergast, supra.* The decision as to which parts of respondent's property are exempt and the value of the non-exempt property are assigned by law to taxing officials. *See Pendergast, supra.* Respondent did not appeal to the local board of equalization for the 1991 tax year. Respondent amended its petition in June, 1994, requesting an exemption for the 1992 and 1993 tax years. The record is devoid of any evidence that respondent appealed to the board of equalization for the 1992 or 1993 tax years. Therefore, because no relief was sought before the board of equalization to establish a correct valuation, the administrative remedy was not exhausted and the trial court could not grant relief under § 139.031. *See Pendergast, supra.*

There is authority for the proposition that resort need not be had to the board of equalization as a precondition to obtaining a judgment against the collector to recover for sums paid under protest. In *Pentecostal Church of God v. Hughlett,* 737 S.W.2d 728, 729 (Mo. banc 1987), our Supreme Court held that a taxpayer was excused from seeking a charitable exemption from the county board of equalization in a case where property was asserted to be wholly exempt pursuant to § 137.100(5) and where there was no valuation or equalization problem. Here, however, respondent is seeking only a partial exemption for its leasehold interest in the property, and is not claiming that the tax assessed is unlawful or void. Therefore, respondent is unable, under § 139.031, to proceed to circuit court and challenge the assessment without exhausting administrative remedies. *See Pendergast, supra.* As a result, the trial court erred in granting summary judgment and the judgment is reversed and the case is remanded to the trial court with directions to dismiss the petition.

It is therefore unnecessary to consider appellant's remaining points on appeal.

The judgment of the trial court is reversed.

CRANE, C.J., and BLACKMAR, Senior Judge, concur.