C. Alex BERT, et al., Appellants,

v.

DIRECTOR OF REVENUE, Respondent.

No. 78914.

Supreme Court of Missouri,
En Banc.

Dec. 2, 1996.

Thomas McCarthy, James C. Owen, Chesterfield, James P. Gamble, St. Louis, for appellants.

Jeremiah W. (Jay) Nixon, Attorney General, Evan J. Buchheim, Assistant Attorney General, Jefferson City, for respondents.

ROBERTSON, Judge.

This is a statute of limitations case.

From April 15, 1992, through December 31, 1993, sales taxpayers purchased electric service for residential apartment complexes and nursing homes under a general service rate classification and paid sales tax to the electric utility for their purchases. They claim these purchases were exempt from sales tax as domestic use under section 144.030.2(23), RSMo Supp.1992. Taxpayers

did not file a claim for refund before April 15, 1995, the date by which section 144.030.2(23) required taxpayers seeking a refund or credit for *non*domestic purchases to file their claim for refund or credit with the Director of Revenue. Taxpayers argue that because their purchases were for domestic use and the statute offers no method for obtaining a refund or credit, the three-year general period of limitation established in section 144.190.2 provides the applicable period of limitation for filing for their refund claims. The Administrative Hearing Commission disagreed, applied section 144.030.2(23), found the taxpayers' refund claim time barred, and sustained the Director of Revenue's motion for summary determination. Taxpayers petitioned for review, asking this Court to determine whether section 144.030.2(23) or section 144.190.2 applies to their refund claim.

We have jurisdiction.[1] The decision of the Administrative Hearing Commission is affirmed.

■ Taxpayers here purchase all utility services under a general service tariff. Taxpayers fall into two classes: One class of taxpayers owns or manages residential apartments and claims that its purchases are entirely domestic. The other class owns or manages nursing homes and claims that eighty percent of its purchases are domestic. The Director disputes the domestic use claims. Resolution of that issue is not before the Court. For purposes of our decision, we will assume that the purchases are properly characterized according to the taxpayers' claims.

**1.** Mo. Const. art. V, § 3.

**2.** Section 144.030.2(23)(c), RSMo 1994 (effective August 28, 1994), exempts domestic use purchases of utility services from sales tax.
   Each person making nondomestic purchases of services ... and who uses any portion of the services ... so purchased for domestic use, and each person making domestic purchases on behalf of occupants of residential apartments or condominiums through a single or master meter, including service for common areas and facilities and vacant units, under a nonresidential utility service rate classification *may, between the first day of the first month and the fifteenth day of the fourth month following the year of purchase, apply for credit or refund to the director of revenue* and the

Section 144.030.2(23), RSMo Supp.1992 (repealed), the law in effect at the time of the utility purchases *sub judice*,[2] provided:

Each person making *domestic* use purchases of services ... and who uses any portion of the services ... so purchased for a nondomestic use shall, by the fifteenth day of the fourth month following the year of purchase, and without assessment, notice or demand, file a return and pay sales tax on that portion of nondomestic purchases. Each person making *nondomestic* purchases of services ... and who uses any portion of the services ... so purchased for domestic use may, between the first day of the first month and the fifteenth day of the fourth month following the year of purchase, apply for credit or refund to the director of revenue and the director shall give credit or make refund for taxes paid on the domestic use portion of the purchase.

(Emphasis added.)

Parsing the statute, taxpayers noticed that while the legislature made provision for purchasers of nondomestic utility services to seek a refund or credit, it did not offer a procedure for domestic purchasers to apply for a credit or refund. Taxpayers argue that in the absence of a specific, statutory refund procedure permitting a refund of sales tax erroneously paid on domestic purchases, the general refund provisions of section 144.190.2 apply.

If any tax ... has been paid ... erroneously ..., such sum shall be credited on any taxes then due from the person legally obligated to remit the tax under sections

director shall give credit or make refund for taxes paid on the domestic use portion of the purchase. The person making such purchases on behalf of the occupants of residential apartments or condominiums shall have standing to apply to the director of revenue for such credit or refund.
(Emphasis added.) The parties dispute which version of the statute applies. The Director applied the 1994 version. The taxpayers claim the 1992 version, which contains neither a refund provision for domestic users nor the residential apartment clause, applies. We are quite willing to assume, without deciding, that the 1992 version applies in this case. The decision we reach makes resolution of that issue unimportant.

144.010 to 144.510, and the balance, with interest ... shall be refunded *to the person legally obligated to remit the tax,* but no such credit or refund shall be allowed unless duplicate copies of a claim for refund are filed within three years from date of overpayment.

(Emphasis added.)

In *Galamet, Inc. v. Director of Revenue,*[3] this Court considered an argument virtually identical to the one taxpayers raise here.

> While purchasers have a statutory duty to pay sales tax to sellers under § 144.060, it is the person receiving that payment who has the duty to "remit" the taxes to the Director.... Because Galamet has no legal obligation to make this direct payment, it has no standing to request a refund under § 144.190. Galamet's remedy, if any, is to prevail upon KCP & L, the statutory remitter of the sales tax, to apply for the refund.

For the reasons expressed in *Galamet,* section 144.190 does not apply to taxpayers in this case.

■ Undaunted, taxpayers next claim that if section 144.190 does not apply to them, there is no provision for a refund and section 144.030.2(23) violates the equal protection guarantees found in the Fourteenth Amendment to the United States Constitution and article I, section 2 of the Missouri Constitution, and the uniformity requirement of article X, section 3 of the Missouri Constitution. These arguments are based on the availability of refunds or credits for nondomestic purchasers and the absence of such provisions for domestic purchasers.

We disagree.

■ "Taxes ... shall be uniform upon the same class or subclass of subjects within the territorial limits of the authority levying the tax."[4] The constitution's uniformity requirement does not prohibit tax subclassifications. Instead, it prohibits tax subclassifications that are arbitrary, unreasonable or without substantial justification. *Airway Drive–In Theatre Co. v. City of St. Ann.*[5] Thus, the test for uniformity under the arguments raised by the taxpayers in this case is the same as the test to determine whether a tax violates equal protection. "A statute will be upheld and a classification sustained if the classification is rationally related to a legitimate state interest."[6] "Where taxation is concerned and no specific federal right, apart from equal protection, is imperiled, the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation."[7] "The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it."[8]

The subclassification under assault here has a rational basis.

As to the subclass of domestic utility purchasers, the statute makes no provision for a refund of sales tax paid on domestic purchases because domestic purchases are sales-tax exempt. The legislature could rationally have presumed that nonresidential, domestic purchasers possessed sufficient sophistication in matters relating to taxation to remind the utility that they owed no tax on their purchases *ab initio.* Proceeding from this premise, the legislature's decision to demand that domestic purchasers report and pay a sales tax only on their nondomestic purchases and to provide no mechanism for a credit or refund of sales taxes erroneously paid is a rational one.

As to the subclass of nondomestic purchasers, sales tax is due and collected by the selling utility at the time of purchase. The statute does not expect the utility to know whether the nondomestic purchasers also have a domestic use component to their purchases. The utility collects a sales tax on the

3. 915 S.W.2d 331, 335–36 (Mo. banc 1996).

4. Mo. Const. art. X, § 3.

5. 354 S.W.2d 858, 861–62 (Mo.1962).

6. *Blaske v. Smith & Entzeroth, Inc.,* 821 S.W.2d 822, 829 (Mo. banc 1991).

7. *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 (1973).

8. *Madden v. Kentucky,* 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590 (1940).

totality of its sales to nondomestic purchasers. The statute's refund provision rationally assumes that nondomestic purchasers may purchase some utility service for domestic use and permits nondomestic purchasers to recover sales taxes paid for that portion of their purchases that are tax exempt because the purchases are for domestic use.

We find no violation of equal protection or constitutional uniformity requirements in section 144.030.2(23), RSMo Supp.1992.

As we said in *Galamet* and as we say here, taxpayers' remedy is to prevail upon the utility that collected the sales tax to apply for a refund. We have expedited our decision in this case so as to give the taxpayers as much time as possible, assuming without deciding that any time remains, to pursue that remedy.

The decision of the Administrative Hearing Commission is affirmed.

All concur.