**AMERICAN HEALTHCARE MANAGEMENT, INC., et al., Appellants,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 80456.

Supreme Court of Missouri, En Banc.

Feb. 9, 1999.

James C. Owen, Chesterfield, James P. Gamble, St. Louis, for Appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Respondent.

MICHAEL A. WOLFF, Judge.

American Healthcare Management, Inc., and several other owners and managers of nursing homes (nursing home operators) bring this claim for a refund of sales taxes paid on utility services for the "domestic use" of their nursing home residents. The Administrative Hearing Commission upheld the director of revenue's denials of the sales tax refund claims. We have jurisdiction. Mo. Const. art. V, section 3 and section 18; section 621.189, RSMo 1994. We affirm the commission's decision in part and reverse in part and hold that utility services purchased for nursing home residents are exempt from sales tax for the entire year of 1994.

### Facts

The residential facilities involved in this case are licensed in whole or in part as nursing homes.[1] During 1994, the nursing

---

1. The term "nursing homes" as used here includes: Residential Care Facility I (section 198.006(15)), Residential Care Facility II (section 198.006(16)), Intermediate Care Facility, (section 198.006(8)) and Skilled Nursing Facility (section 198.006(17)). All statutory references are to RSMo 1994, unless otherwise indicated.

home operators paid sales taxes on various utility services. These sales tax payments on various utilities were inconsistent.[2] Consequently, some of these nursing homes were paying sales tax on certain utilities and, at the same time, were exempt from paying sales tax on certain other utilities. In April 1995, the nursing home operators applied to the department of revenue for refunds of those paid sales taxes, contending that the utility services were exempt from sales tax under the domestic use exemption pursuant to section 144.030.2(23). The director of revenue denied their applications on the ground that their businesses operated as health care facilities.

On January 18, 1996, Delmar Gardens Enterprise, Inc., d/b/a Delmar Gardens of Chesterfield, filed a complaint with the commission challenging the director's denial of its claim for the sales tax refund. On January 19, 1996, American Healthcare Management, Inc., and other appellants filed a similar complaint challenging the director's decision as to their sales tax refund claims. The cases were consolidated. Pursuant to a joint motion by the parties on July 18, 1996, the commission ordered that the claims of other petitioners be held in abeyance except the claims of American Healthcare Management, Inc., (in regard to Oak Forest North Nursing Home), McKnight Place Partnership I, L.L.P.; R. Development, Inc.; Reliant Care Four Seasons, L.L.C.; and Reliance Care Heritage, L.L.C. The claims held in abeyance apparently involve the same issue.

### The Commission's Decision

The commission entered its findings of fact and conclusions of law, holding that all of the appellants' facilities were residential and that none of the appellants were entitled to a refund for periods prior to August 28, 1994. The commission also concluded that McKnight Place Partnership used 95 percent of its floor space for residential purposes and that it was entitled to a refund of 95 percent of taxes paid from August 28, 1994, through

December 31, 1994. The commission further determined that the remaining appellant nursing home operators were not entitled to any refund for taxes paid from August 28, 1994, because they were not apartments or condominiums and had not presented an appropriate means of allocating the utilities used by the individual residents. The nursing home operators petition this Court to review the commission's findings and conclusions.

### Nursing Homes as "Residential Apartments"

■ The nursing home operators argue that the commission erred when it ruled that the nursing homes were not "residential apartments" under section 144.030.2(23)(a) and, consequently, not entitled to the domestic use exemption. Section 144.030.2(23) was amended effective August 28, 1994, providing a sales tax exemption for:

all sales of metered water service, electricity, electrical current, natural, artificial or propane gas, wood, coal or home heating oil for domestic use and in any city not within a county, all sales of metered or unmetered water service for domestic use;

(a) "Domestic Use" means that portion of metered water service, electricity, electrical current, natural, artificial or propane gas, wood, coal or home heating oil for domestic use and in any city not within a county, metered or unmetered water service, which an individual occupant of a residential premise uses for nonbusiness, noncommercial or nonindustrial purposes. Utility service through a single or master meter for residential apartments or condominiums, including service for common areas and facilities and vacant units, shall be deemed to be for domestic use. Each seller shall establish and maintain a system whereby individual purchases are determined as exempt or nonexempt; . . . .

2. For instance, The Gatesworth, Oak Forest North, Heritage Care Center and Avalon Garden filed for exemption certificates from Union Electric and Laclede Gas. Laclede Gas granted the domestic use exemption to Oak Forest North and Avalon Garden but not to The Gatesworth or the Heritage Care Center. Union Electric granted the domestic use exemption to The Gatesworth but not to Oak Forest North, Avalon Garden, or the Heritage Care Center.

Section 144.030.2(23)(c) provides that individuals making purchases on behalf of occupants of residential apartments or condominiums shall have standing to apply to the director of revenue for credit or refund.

■ The commission correctly decided that the nursing homes are residential facilities but erred in ruling that the nursing homes are not residential apartments. The statute does not define "residential apartments." The rules on construing revenue laws are in equipoise in this case. Statutes imposing taxes are to be construed against the taxing authority and in favor of the taxpayer. *Columbia Athletic Club v. Director of Revenue*, 961 S.W.2d 806, 809 (Mo. banc 1998). However, statutes creating exemptions from taxation are strictly construed against the taxpayer. *Hyde Park Housing Partnership v. Director of Revenue*, 850 S.W.2d 82, 84 (Mo. banc 1993). In *Hyde Park* this Court stated: "[t]he primary rule of statutory construction is to ascertain the intent of the lawmakers by construing words used in the statute in their plain and ordinary meaning." *Id.* Absent statutory definition, words used in statutes are given their plain and ordinary meaning with help, as needed, from the dictionary. *Columbia Athletic Club, supra* at 809. Webster's Third New International Dictionary (1993) defines an apartment as "a room or a set of rooms used as a dwelling and located in a private house, a hotel, or a building containing only such rooms or suites with necessary passageways and hallways," or more simply, "a building made up of individual dwelling units." An apartment building or apartment house is "[a] building containing a number of units and usually having conveniences (as heat and elevators) in common." *Id.* Nursing homes are residential facilities and are apartments under the common dictionary definition. These nursing homes have a number of dwelling units, and they usually have common conveniences, including heat and elevators. The nursing home residents, like those in apartments or condominiums, live in these units and use these utilities for domestic purposes.

Likewise, the commission's decision granted a sales tax exemption to those portions of a complex designed for senior citizens that was residential only and denied the exemption for those areas of the facility where residents receive some level of nursing care. The economic reality is that sales taxes on utilities are ultimately passed on to the residents. It hardly makes sense to impose the tax burden on those who are receiving some level of direct care while reserving the exemption for those who are less in need of care. We do not think that the legislature intended this result. Nursing homes are special homes for their residents. The residents could have leased regular apartments but, due to their special needs, they have found themselves in these specialized facilities to have health and other care services provided by these nursing homes. Similarly these residents could have opted to stay in their homes and receive home health care services, without having their utilities subject to sales tax. Nothing about the care that is provided detracts from the notion that these nursing homes are residential apartments. As such, they are entitled to the sales tax exemption.

Moreover, as noted above, the current method of imposing and exempting nursing homes from payments of sales taxes on various utilities is inconsistent. The Gatesworth pays sales tax on its gas and water services but it is exempt on its electrical service. Oak Forest North and Avalon Garden pay sales taxes on their electrical and water services but they are exempt on their gas services. The Heritage Care Center pays sales tax on its electrical and gas services but it is exempt on its water service. The record is devoid of any legitimate explanation for these inconsistencies, other than the differing policies of their utility providers. Hence, exempting these nursing homes from sales tax on utilities under the domestic use exemption will help solve this inconsistent treatment.

■ The respondent director argues that the nursing homes, regardless of whether or not they are residential apartments, are not entitled to the exemption. The director contends that to claim a refund, a person must make a nondomestic purchase of a utility service and then the same person must put the purchase to a domestic use. Because the

nursing homes are the purchasers, according to the director, the inquiry must be whether the purchasers put the utility purchase to a domestic use.

We do not agree with the director's construction of the statute. In *Bert v. Director of Revenue*, 935 S.W.2d 319, 322 (Mo. banc 1996), the Court stated:

> [T]he statute's refund provision rationally assumes that nondomestic purchasers may purchase some utility service for domestic use and permits nondomestic purchasers to recover sales tax paid for that portion of their purchases that are tax exempt because the purchases are for domestic use.

Furthermore, section 144.030.2(23)(c) provides, in part:

> [E]ach person making domestic purchases on behalf of occupants of residential apartments or condominiums through a single or master meter, including service for common areas and facilities and vacant units, under a nonresidential utility service rate classification may ... apply for credit or refund to the director of revenue.... The person making such purchases on behalf of occupants of residential apartments or condominiums shall have standing to apply to the director of revenue for such credit or refund.

Thus, the purchasers (nursing homes) may purchase utility services for their residents for domestic use, and the law allows the nursing homes to recover the sales tax paid for that portion for which they are exempt because of the domestic use.

### Sales Tax Refund

The appellant nursing homes contend that under the plain and ordinary meaning of section 144.030.2(23), they are entitled to refunds of all taxes paid on domestic use of utility services for the entire year of 1994. The director argues that the 1994 amendment created a new tax exemption for utility purchases through a master or single meter for residential apartments and condominiums and permitted persons making such purchases on behalf of occupants of these premises the standing to seek refunds. Thus, the director contends, the amendment was substantive and cannot be applied retroactively.

See e.g., *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 872 (Mo. banc 1993); *In re Armistead*, 362 Mo. 960, 245 S.W.2d 145, 151–152 (Mo.1952).

In this case we need not reach the issue of whether the 1994 amendment is substantive or is merely procedural or remedial. The statute provides that a claimant for a sales tax refund must file its claim between "the first month and the fifteenth day of the fourth month following the year of purchase." Section 144.030.2(23). The amendment took effect on August 28, 1994. The issue is whether taxpayers can get refunds for the whole of 1994 or just the portion of the year from August 28, 1994.

The purpose of the 1994 amendment is to clarify the exemption for domestic use, not to restrict or prohibit the exemption for periods before August 28, 1994. Section 144.030.2(23) was amended after the *Hyde Park Housing* decision. The event that led to the *Hyde Park Housing* case was that the director assessed taxes on utilities purchased through a master meter on behalf of occupants of residential apartments. *Hyde Park Housing, supra*, at 83. This Court held that such purchases under a residential tariff were exempt from sales tax. *Id.* at 86. The Court stated that the purpose of the exemption is to ease the burden of costs on residential users. *Id.* at 84. The Court did not specifically address the issue of residential apartments that did not purchase under a residential tariff but it did state that the manner of use will be important when utility services are purchased for domestic use but are not purchased under a residential tariff. *Id.* at 85. The 1994 amendment basically provided a mechanism for avoiding assessments of sales tax paid on utilities purchased for domestic use by residential apartments and condominiums. The nursing homes here arguably are substantively entitled to a sales tax refund, under a reading of the pre-1994 statute as set forth in the *Hyde Park Housing* decision. Under the 1994 amendment, the sales tax refund should apply to the entire year of 1994.

We affirm the commission's decision applying the sales tax exemption to the McKnight

Place Partnership from August 28, 1994, through December 31, 1994, but reverse its decision in denying the exemption for the entire year of 1994.[3] We reverse the commission's decision denying the other nursing home operators a sales tax exemption on the portion of the utilities that their residents used for domestic purposes, and we remand the case for further proceedings consistent with this opinion.

All concur.

**3.** The respondent director did not petition for review of the commission's method of allocation of domestic use. The commission accepted a method of allocation for McKnight Place based upon the percentage of floor space for domestic use. It appears that petitioners presented evidence that 95 percent of their floor space was used for residential purposes, with the exception of Delmar, for which the percentage is 97 percent. In their allocation, the petitioners excluded floor space devoted to purposes such as administrative offices, beauty shops, gifts and sundry shops, and medical treatment rooms, which they consider to be for commercial use. The commission's method of allocation does not appear to be inconsistent with the statute.