**Henry M. BECK, JR., Plaintiff/Respondent,**

v.

**Richard J. BECK, Defendant/Appellant.**

**No. ED 80653.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 2002.

William B. Beedie, Framington, MO, for Appellant.

Gary G. Matheny, Farmington, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

This action involves the validity of a deed of conveyance where the deed lists three parties of the first part as grantors, but the deed was only subscribed by one of the named grantors. Richard J. Beck (Defendant) appeals from the trial court's judgment finding a deed subscribed by Henry M. Beck, Jr. (Plaintiff), void for failure to comply with Section 442.130, RSMo 2000,[1] because only one of three grantors subscribed the deed. Defendant argues the trial court erred in finding the deed null and void because the deed was subscribed by the party actually granting the interest in the real property as required under Section 442.130. Because we find Section 442.130 only requires the grantor conveying the interest to subscribe the deed, we reverse.

Defendant and Plaintiff are brothers. In 1983, their mother, Ruby Oleta Beck, executed a deed of conveyance to real property. The grantees in the deed were the grantor, Ruby Oleta Beck, and Defendant and Plaintiff, as joint tenants with right of survivorship and not as tenants in common. In 1994, Plaintiff executed a Quit–Claim Deed recorded in Book 1222 at Page 10 of the Land Records of St. Francois County, Missouri, for the same parcel of real property obtained from his mother in 1983. The Quit–Claim Deed stated the grantors were Ruby Oleta Beck, Defendant, and Plaintiff. The named grantees were Ruby Oleta Beck and Defendant as joint tenants with right of survivorship and

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

not as tenants in common. The deed was only subscribed by Plaintiff.

Plaintiff filed an action against Defendant seeking a declaration that the Quit–Claim Deed was null and void. The trial court found there was no clear and convincing evidence presented to prove either Plaintiff lacked the necessary capacity to convey his interest in the real property or Defendant exercised undue influence. The trial court, however, found the deed did not comply with the strict requirements set forth in Section 442.130 because only one of the grantors subscribed the deed. The trial court declared the deed null and void. Defendant now appeals.[2]

In his sole point, Defendant contends the trial court erred in finding the deed null and void due to noncompliance with Section 442.130. Defendant argues Section 442.130 requires that only the party granting the interest in the real property subscribe the deed.

Neither party nor this court found any Missouri case on point.[3] Thus, in this case of first impression, we must determine whether Section 442.130 requires all grantors listed on the deed or only the grantor actually conveying the interest to subscribe a deed. Section 442.130 provides:

> All deeds or other conveyances of lands, or of any estate or interest therein, *shall be subscribed by the party granting the same*, or by his lawful agent, and shall be acknowledge or proved and certified in the manner herein prescribed.

(Emphasis added.)

▄▄▄ Statutory construction is a matter of law. *Buttress v. Taylor*, 62 S.W.3d 672, 679 (Mo.App. W.D.2001). The primary rule of statutory construction is to ascertain the intent of the lawmakers by construing words in the statute in their plain and ordinary meaning. *American Healthcare Management, Inc. v. Dir. Of Revenue*, 984 S.W.2d 496, 498 (Mo. banc 1999). Courts lack the authority to read into a statute a legislative intent that is contrary to the intent made evident by giving the language employed in the statute its plain and ordinary meaning. *Buttress*, 62 S.W.3d at 679. In interpreting a statute, we are required to give meaning to each word, clause, and section of the statute whenever possible. *Id.* Using these principles of statutory interpretation to guide us, we turn to the statute in question.

▄▄▄ Defendant maintains Section 442.130 only requires the grantor conveying the interest in real property to subscribe the deed. Plaintiff contends, as the trial court found, that Section 442.130 requires all grantors listed on the deed to subscribe the deed. Section 442.130 uses the language "shall be subscribed by the party granting the same." The "party" is the person granting the interest in the real property or the grantor and the word "same" refers to conveyances of lands or interests therein. Using the plain and or-

---

**2.** We note Defendant's brief fails to comply with Rule 84.04 in that it does not list a table of cases and authorities or state the appropriate standard of review. We will, however, review Defendant's claim ex gratia.

**3.** Our research did lead us to "Commentaries on the Modern Law of Real Property" which states, "Some authorities hold that if a deed purports to be the deed of several grantors, and is executed by a part of them and not by others, it ordinarily conveys the interests of those who executed it, unless the deed was intended to be joint only, but is invalid to convey any interest of those who did not execute it." Commentaries on the Modern Law of Real Property, Sec. 3229, (George W. Thompson ed., 1962). Our interpretation of Section 442.130 is consistent with this outcome.

**512**

dinary meanings of the words contained in Section 442.130, we find the statute only requires the grantor actually conveying the interest in real property to subscribe the deed.

In this case, although three grantors were listed on the Quit–Claim Deed, the only grantor who was conveying an interest in the real property was Plaintiff. Therefore, he was the only necessary party to subscribe the deed. Because we find Plaintiff was the only necessary subscriber to the deed, we reverse the trial court's judgment declaring the deed null and void.

Reversed.

Mary K. HOFF and DRAPER, JJ., concur.