**Edward J. McCARTHY and Margaret McCarthy, Appellants,**

v.

**Robert H. PETERSON, St. Louis County Collector of Revenue, Respondent.**

**No. ED 82344.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 30, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 2003.

Mark R. Harford, Kirkwood, MO, for appellant.

Patricia Redington, County Counselor, David Arthur, Assistant County Counselor, Clayton, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellants, Edward and Margaret McCarthy ("owners"), appeal the judgment of the Circuit Court of St. Louis County in favor of respondent, Robert H. Peterson ("Collector"). Owners argue their ad valorem tax bill was a void agency order because the Collector did not conduct a physical inspection before increasing the valuation of their property more than 17%.[1] We affirm.

Owners own property at 7101 Princeton Avenue in St. Louis County. On March 29, 2002, owners filed an action in small claims court to recover the $1,140.88 paid in protest on the ad valorem tax, which was due December 31, 2001. Owners claimed the assessor did not physically inspect the property as required by law. Collector filed a motion to dismiss, claiming owners had failed to exhaust the administrative remedy of appealing to the St. Louis County Board of Equalization ("the Board"). Therefore, Collector argued the small claims court did not have subject matter jurisdiction. The small claims court granted Collector's motion to dismiss on May 15, 2002 because owners failed to exhaust their administrative remedies. Owners then filed a motion for trial *de novo* in the circuit court on May 28, 2002. Collector asserted again that owners had failed to exhaust their administrative remedy with the Board.

On July 19, 2002, owners filed a real property appeal with the Board, alleging the property was not inspected as required by section 137.115(10) RSMo (2000).[2] The statute states: "[i]f the assessor increases the assessed valuation of any parcel of . . . real property by more than seventeen percent since the last assessment . . . then the assessor shall conduct a physical inspection of such property." The Board, as evidenced in its August 15, 2002 letter, determined the disputed valuation for the property for 2002 was appropriate while making no specific finding regarding the illegality of the Assessor's alleged failure to physically inspect the property. The Board also instructed owners that they have a right to appeal its decision to the State Tax Commission ("the Commission").

---

1. In fact, they contend their assessed valuation increased by 45%.

2. All statutory references are to RSMo 2000 unless otherwise indicated.

On September 27, 2002, owners filed a restated petition in the circuit court emphasizing their complaint that the tax bill was a void agency order because the Assessor failed to physically inspect the property before increasing their assessment by more than 17% over the last assessment. Collector filed a motion to dismiss for lack of subject matter jurisdiction, arguing owners were seeking review of an agency order over which the circuit court does not have jurisdiction. Collector argues further that owners' small claims petition dealt with the 2001 tax assessment, but in the new petition filed in the circuit court, owners are complaining about their 2002 tax assessment. Thus, this is a new or different action over which the circuit court does not have jurisdiction. The circuit court granted the motion to dismiss on December 5, 2002, finding that because owners failed to exhaust their administrative remedies, it had no subject matter jurisdiction.

 When considering a trial court's grant of a motion to dismiss, our review is *de novo. St. Louis University v. Hesselberg Drug Co.,* 35 S.W.3d 451, 454 (Mo. App. E.D.2000). We may affirm the trial court's dismissal on any ground before the trial court in the motion to dismiss, even if the trial court did not rely on that ground in dismissing the claim. *Id.* We accept all of plaintiff's averments as true and we view the allegations in the light most favorable to the plaintiff. *Id. quoting Bellos v. Winkles,* 14 S.W.3d 653, 655 (Mo.App. E.D.2000).

Initially, we note the parties' confusion as to what year's tax owners were contesting. Owners began by filing an appeal of their 2001 ad valorem tax, which was due December 31, 2001. Then on July 19, 2002, owners filed a real property appeal with the Board. The Board's determination letter of August 15, 2002 specifies that it "has determined the assessed valuation

of your property for 2002 is. . . ." Owners' restated petition to the circuit court, dated September 27, 2002, apparently concerns only the 2002 assessment, which is mentioned three times. In owners' brief however, they assert "[a] scrivener's error appears in Paragraph 2 of the petition: '2002.' The protested tax bill was in fact for the tax year 2001 due December 31, 2001." However, they do not address the two other mentions of the 2002 real property tax in their petition. We find that owners intended to challenge the 2001 assessment and that the 2002 assessment is not at issue because: (1) owners indicate in their brief that they meant to challenge the 2001 assessment in their circuit court petition; and (2) there is no evidence that the ground upon which they challenged the assessment, i.e., the greater than 17% increase over the previous assessment without a physical inspection, existed in 2002 because the assessment was increased in 2001.

 In their first point on appeal, owners argue the trial court erred in finding that they failed to exhaust their administrative remedies by failing to appeal to the Commission because they are not required to exhaust their administrative remedies when directly attacking an unlawful tax bill.

An appeal to the county board of equalization may be had by any person aggrieved by an assessment of taxes. Section 137.275. Further, chapter 138 details the procedures for real estate tax assessment review by the Board. *St. Peters Hosp. v. Zimmerman,* 914 S.W.2d 26, 28 (Mo.App. E.D.1995).

Section 138.430.1 states:

Every owner of real property or tangible personal property shall have the right to appeal from the local boards of equalization *to the state tax commission*

under rules prescribed by the state tax commission, within the time prescribed in this chapter or thirty days following the final action of the local board of equalization, whichever date later occurs, *concerning all questions and disputes involving the assessment against such property, the correct valuation to be placed on such property, the method or formula used in determining the valuation of such property, or the assignment of a discriminatory assessment to such property.* The commission shall investigate all such appeals and shall correct any assessment or valuation which is shown to be unlawful, unfair, improper, arbitrary or capricious. Any person aggrieved by the decision of the commission may seek review as provided in chapter 536, RSMo. Section 138.430.1 (emphasis added).

Section 138.430.3 states:

Every owner of real property or tangible personal property shall have the right to appeal *to the circuit court* of the county in which the collector maintains his office, from the decision of the local board of equalization not later than thirty days after the final decision of the board of equalization *concerning all questions and disputes involving the exclusion or exemption of such property from assessment or from the tax rolls* pursuant to the Constitution of the United States or the constitution or laws of this state, *or of the taxable situs of such property.* The appeal shall be as a trial *de novo* in the manner prescribed for nonjury civil proceedings. Section 138.430.3 (emphasis added).

▬ Therefore it is clear that there are two methods by which one can appeal a decision of the Board: (1) one can appeal disputes regarding *valuation* and *discrimination* to the Commission with subsequent judicial review pursuant to chapter 536 and section 138.430.1; and (2) disputes with respect to the *exclusion* or *exemption* of property may be resolved through *de novo* appeal to the circuit court of the county in which the collector maintains an office. *Zimmerman*, 914 S.W.2d at 28 (emphasis added). A circuit court does not have original authority to correct the assessed value or equalize the assessed value of the property. *Id.* Taxing officials make the original decisions exempting parts of the property and placing a valuation on the non-exempt property, and their decisions are subject to review under section 138.430. *Id.* Direct attacks are only allowed where an assessment is the result of a void agency order. *Id.* If a valid procedure exists to challenge valuation and equalization under sections 137.275 or 138.430, such procedure must be exhausted before one turns to the circuit court. *Zimmerman*, 914 S.W.2d at 28.

While the above procedures contemplate an appeal to the Board, it is not absolutely necessary to first appeal to the Board to recover for sums paid under protest. *Id.* In *Pentecostal Church of God v. Hughlett*, 737 S.W.2d 728 (Mo.banc 1987), our Supreme Court found that where the property owner argued the property was wholly exempt under section 137.100(5) and where there was no valuation or equalization problem, the taxpayer did not have to seek a charitable exemption from the Board before filing in the circuit court. *Id.* at 729. However, the court found in *Zimmerman* that the taxpayer only sought a partial exemption and was not claiming the tax was unlawful or void. *Zimmerman*, 914 S.W.2d at 28. As a result, the taxpayer had to first exhaust his administrative remedies, and the circuit court did not have jurisdiction. *Id.*

Owners argue they are attacking the tax bill as a void agency order. Therefore, they are not required to pursue any ad-

ministrative remedies before filing in the circuit court. Owners do not argue that their property is *excluded* or *exempt* from taxation, nor do they make any assertions with regard to the taxable situs of the property. They argue the Collector has failed to physically inspect their property before increasing their assessed valuation more than 17% over the previous year's valuation in violation of Section 137.115(10).

Because owners are not and cannot seek a complete exclusion or exemption, and also are not challenging the taxable situs of the property, owners were required to pursue their administrative remedies as set out in Section 138.430.1 before resorting to a petition in the circuit court. *Two Pershing Square, L.P. v. Boley*, 981 S.W.2d 635, 640–41 (Mo.App. W.D.1998); *see also Quaker Oats Co. v. Stanton* 96 S.W.3d 133, 142 (Mo.App. W.D.2003). Therefore, the trial court did not err in finding that they failed to exhaust their administrative remedies by failing to appeal the Board's decision to the Commission. Point denied.

■ In their second point on appeal, owners argue the trial court erred by failing to transfer their protest to the Commission after finding owners had not exhausted their administrative remedies.

Section 138.430.5 states, "[i]f the circuit court, after review of the appeal, finds that the appeal is not a proper subject for the appeal to the circuit court as provided in subsection 3 of this section, it shall transfer the appeal to the state tax commission for consideration." Section 138.430.3 contemplates only disputes involving the exclusion or exemption of property from assessment or from the tax rolls or regarding the taxable situs of the property. We have already held that Owner's challenge does not concern exclusion, exemption, or the taxable situs of the proper-

ty. Owners are simply challenging their tax bill as a void agency order. Their claim really concerns the process by which a valuation was placed on their property.

■ Section 138.430.3 explicitly provides that one can appeal to the circuit court from the decision of the Board. Statutory construction is a question of law. *Beck v. Beck*, 90 S.W.3d 509, 511 (Mo.App. E.D.2002). When construing a statute, we attempt to ascertain the intent of the lawmakers by giving the words in the statute their plain and ordinary meaning. *Id.* Further, we are required to give each word, clause, and section meaning whenever possible. *Id.* Courts are not authorized to read into a statute a legislative intent that is contrary to the intent made evident by the plain and ordinary meaning of the language in the statute. *Id.*

The Board issued its decision on August 15, 2002. On September 27, 2002, owners filed a restated petition in the circuit court that made more definite their earlier petition for trial *de novo* dated May 28, 2002. It is well settled that where a claim asserted in an amended petition arose out of the conduct, transaction, or occurrence at issue in the original pleading, the amended petition will relate back to the date of the original pleading. *Mogley v. Fleming*, 11 S.W.3d 740, 750 (Mo.App. E.D.1999). *quoting* Rule 55.33(c). Therefore, the fact that it is a petition making more definite a petition already filed, specifically the May 28, 2002 motion for trial *de novo* and its underlying pleadings, leads to the result that owners would have been appealing the decision of the Board before the Board issued a decision; indeed before they even filed a claim with the Board. According to the timing of their original motion, owners are not appealing from the decision of the Board, which is required by section 138.430.3.

Section 138.430.5 provides that when one appeals as allowed in subsection 3, the circuit court shall transfer the appeal to the Commission. However, in this case, owners did not first appeal to the Board. Therefore, they are not afforded relief by section 138.430.5, which requires an appeal to the Board.

Assuming *arguendo* that Owner's September 27, 2002 petition is an appeal from the Board's August 15, 2002 decision, owners are still not entitled to relief because section 138.430.3 mandates that an appeal to the circuit court must be filed no later than thirty days after the final decision of the Board.

Therefore, the trial court did not err in failing to transfer their protest to the Commission. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

ROBERT G. DOWD, JR., J. and MARY R. RUSSELL, J, concur.