Selta TRAVIS, Respondent,

v.

Jerry TRAVIS, Appellant.

No. WD 64706.

Missouri Court of Appeals,
Western District.

Oct. 25, 2005.

Bradley P. Grill, Kansas City, MO, arguing on behalf of appellant.

John E. Chick, Jr., Kansas City, MO, arguing on behalf of respondent.

Before VICTOR C. HOWARD, P.J., JAMES M. SMART, JR., and THOMAS H. NEWTON, JJ.

JAMES M. SMART, JR., Judge.

Jerry Dale Travis appeals the trial court's judgment ordering him to pay $7,000 to Selta May Travis for her attorney's fees and expenses on appeal of the judgment that dissolved their marriage. The judgment is affirmed.

### Background

Selta Travis (Wife) petitioned for dissolution of her eight-year marriage to Jerry Travis (Husband) in 2003. No children were born of the marriage. The dissolution court heard evidence about the parties' respective incomes, as well as their marital and non-marital property and debts. The court dissolved the parties' marriage by decree in March 2004. The court awarded to each his or her non-marital property and distributed the marital assets in accordance with Chapter 452, RSMo.[1] The court ordered Husband to pay Wife $25,000 for property equalization. The court also ordered Husband to pay the entire marital debt of over $78,000 and to

---

1. All statutory references are to Revised Statutes of Missouri, 2000, unless otherwise noted.

contribute $5,000 toward Wife's attorneys' fees.

Husband appealed that judgment to this court, contesting the allocation of assets and debts and the award of attorney's fees. Wife then filed a motion seeking $10,000 for attorney's fees and $1,000 in costs for the appeal. Wife's motion listed the legal services that would be required and included a signed, notarized affidavit from Wife verifying the motion's contents. Wife's motion also referred the court to the evidence presented at the dissolution hearing about Husband's income and ability to pay. Husband was fully employed at the time of trial. There was evidence that Husband had also attempted to secrete funds, and could not account for funds transferred from an account under his control. Husband did not submit a response to the motion for attorney's fees.

A hearing was convened, and the court heard arguments on Wife's motion. Husband's counsel informed the court that Husband had been unemployed for almost a year and was seeking Social Security disability benefits. Husband was present and could have testified about an adverse turn in his circumstances, but declined to do so. The court directed Husband to file a response affidavit within five business days. The response that Husband then filed asserted that he was unemployed, unable to work, and seeking disability benefits, but the response did not include an affidavit from Husband.

On September 13, 2004, the court entered judgment sustaining Wife's motion and awarding her $7,000 for legal fees and expenses on appeal.

Husband filed a motion for reconsideration, again asserting that he is unemployed and seeking disability benefits. At a hearing on the motion, Husband's attorney advised the court that Husband was receiving food stamps, being supported by family, and seeking Social Security benefits. Counsel sought to offer Husband's testimony about his financial situation. The court concluded that, absent evidence of some "drastic change" that had developed since the earlier hearing or some authority instructing to the contrary, no additional evidence would be taken because the matter had already been ruled upon. The court denied the motion to reconsider.

In October 2004, Husband filed this appeal of the judgment sustaining Wife's motion for attorney's fees on appeal. While this appeal was pending, this court ruled on Husband's appeal of the dissolution judgment. On May 24, 2005, this court in *Travis v. Travis*, 163 S.W.3d 43, 47 (Mo. App.2005), reversed and remanded for further proceedings because the judgment contained "insufficient evidence" from which to "properly determine the equity of the underlying award." The opinion also reversed the $5,000 award of attorney's fees. *Id.* at 50.

We now consider Husband's appeal of the judgment sustaining Wife's request for attorney's fees and costs on appeal.

### Arguments

Husband asserts in two points on appeal that the trial court erred in awarding Wife attorney's fees on appeal and in denying his motion for reconsideration. He says the court abused its discretion in refusing his testimony at the reconsideration hearing, in accepting Wife's inadequate documentation for attorney's fees, and in disregarding his financial situation.

■ Pursuant to section 452.355.1, the trial court has the discretion to award attorney's fees on appeal of a marital dissolution decree. *See Hatchette v. Hatchette*, 57 S.W.3d 884, 893 (Mo.App. 2001); *Trapani v. Trapani*, 686 S.W.2d

877, 878–79 (Mo.App.1985). That statute provides that the court may order one party to pay the other party's reasonable attorneys' fees "after considering all relevant factors, including the financial resources of both parties, the merits of the case, and the actions of the parties during the pendency of the action." § 452.355.1. This includes sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment. *Id.*

An award of attorney's fees will be affirmed on appeal unless unsupported by substantial evidence or against the weight of the evidence. *In re Marriage of Crow,* 103 S.W.3d 778, 783 (Mo. banc 2003) (*citing Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). The trial court is considered an expert on the necessity, reasonableness, and value of attorney's fees. *Greiner v. Greiner,* 146 S.W.3d 442, 452 (Mo.App.2004). The trial court's decision regarding attorney's fees is presumptively correct, and we will reverse its award only upon finding that it has abused its discretion. *Hatchette,* 57 S.W.3d at 893. To establish an abuse of discretion, Husband must show that the award is against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.*

### Point I

Husband first argues that the trial court abused its discretion by refusing to hear his testimony at the reconsideration hearing. Husband says it was shocking, arbitrary, and unreasonable for the court to refuse his offer to testify when he was present in the courtroom and ready to testify.

A similar situation arose in *Hatchette v. Hatchette.* There, the wife filed a motion for attorney's fees on appeal and the husband filed suggestions in opposition.

*Hatchette,* 57 S.W.3d at 893. At the hearing, counsel for both parties agreed that no testimony was necessary and the court could rule based upon the pleadings. *Id.* When the husband complained on appeal that the court erred in granting the motion without an evidentiary hearing, this court held that he had waived his right to present evidence and failed to preserve his right to assert error on appeal by not objecting to the court deciding the matter on the pleadings. *Id.*

Here, Husband was present at the earlier hearing on Wife's motion, but chose not to testify. Husband's counsel informed the court about Husband's financial circumstances at that time. Although the court ordered Husband to file a response affidavit and Husband's counsel stated that an affidavit would be forthcoming, when the response was filed it did not include an affidavit from Husband. In his motion to reconsider, Husband complained that Wife is gainfully employed and "virtually debt free," while he is required to pay $25,000 to Wife and $78,000 in marital debt. At the reconsideration hearing, counsel again informed the court of Husband's allegedly dire financial circumstances, but the court declined to hear Husband's testimony.

The court was not arbitrary and unreasonable in refusing to hear Husband's testimony at the second hearing. Husband gave no indication that the information he wished to provide was previously unavailable, and he provides no authority to show that the court was required to reopen the issue and to hear his testimony. *Hatchette* indicates otherwise. 57 S.W.3d at 893. The judgment shows that the trial court considered the statements of counsel and Husband's responsive pleadings in ruling on Wife's motion. We find no indication that the court disregarded the evidence it was provided. Point denied.

### Point II

Husband also argues that the court abused its discretion in sustaining Wife's motion for attorney's fees on appeal because it lacked adequate, detailed proof of the extent of the services to be rendered.

■ A party seeking attorney's fees on appeal must show the extent of the necessary services to be rendered by counsel, and the expenses related thereto, so that the trial court may make an award based on evidence of such services and expenses. *Trapani*, 686 S.W.2d at 878–79. This also gives the appellate court evidence to examine, in connection with other relevant circumstances, in gauging the propriety of the trial court's discretionary actions. *Id.* at 879.

■ Here, Wife's motion listed the legal work anticipated to be necessary for the appeal: reviewing the transcript, securing and reviewing copies of all exhibits, research, preparing and attending a pre-submission settlement conference, preparing a brief and attending the oral argument portion of the case, as well as anticipating expenses to be incurred. The cost of those legal services was estimated at $10,000 and other expenses were estimated at $1000.

Wife's request is nearly identical to that which was found to be sufficient in *Trapani*, 686 S.W.2d at 879. There, counsel's affidavit stated: "[T]he services that affiant will be required to perform in representing [respondent's] interests on [appellant's] appeal include a review of the trial transcript and legal file, legal research on the issues raised by [appellant], the drafting and preparation of an appellate brief and the preparation and presentation for oral argument ... the reasonable hourly rate for services provided by affiant on behalf of [respondent being] $75.00 per hour." *Id.* Although Wife's request in this case does not include an hourly rate for

services, Husband points to no case that specifically requires an hourly rate to be included in a prospective request for attorney's fees.

■ The trial court, as an expert in the necessity, reasonableness, and value of attorney's fees, can independently determine and award the fees it deems appropriate. *Hatchette*, 57 S.W.3d at 893. The trial court's decision regarding attorney's fees is presumptively correct. *Id.* We find no abuse of discretion in the court's acceptance of Wife's documentation supporting her request for attorney's fees in this case and no error in the $7,000 fee award.

■ Husband also complains, under this point, that the judgment is "particularly egregious" in light of the dissolution court's earlier order that he pay $5,000 for Wife's attorney's fees at trial, $25,000 for property equalization, and the entire marital debt, while Wife was debt-free and gainfully employed. Husband points out that the ability of a party to pay such an award is a factor to be considered, citing *Greiner*, 146 S.W.3d at 453.

■ In determining whether to award attorney's fees, the trial court "may consider all relevant factors" and "is not limited to solely the financial resources of the parties." *Timmons v. Timmons*, 139 S.W.3d 625, 631 (Mo.App.2004). *See also* § 452.355.1. In addition to the nature and extent of the services to be rendered, the trial court may take judicial notice of the principal action in its determination of attorney's fees on appeal. *Trapani*, 686 S.W.2d at 879. Wife's pleadings referred the court to evidence at the dissolution hearing about Husband's substantial income and his ability to pay the earlier legal fees. She also reminded the court of evidence at the dissolution hearing indicating that Husband had concealed funds during the pendency of the dissolution action.

*See also Travis*, 163 S.W.3d at 48. The trial court properly could consider all the evidence presented in the dissolution action in deciding the motion for attorney's fees on appeal, including the allocation of assets and debts.

Husband points to no evidence demonstrating that the trial court disregarded the dictates of the earlier order. We have no reason to believe that the trial court failed to consider the factors listed in section 452.355.1, including Husband's financial resources. Because neither party requested findings of fact or conclusions of law, we must presume that factual issues were resolved in accordance with the result reached. Rule 73.01(c). Point denied.

### Outcome of Earlier Appeal

In his reply brief, Husband contends that this court's reversal of the dissolution judgment and the attorney's fees award in *Travis v. Travis*, 163 S.W.3d 43, mandates a ruling in his favor in this appeal. The merits of the case should be considered by the trial court in deciding whether to grant a motion for attorney's fees on appeal. *See* § 452.355.1; *Hatchette*, 57 S.W.3d at 893. Husband says the reversal of the underlying judgment demonstrates that his appeal had merit and supports his contention that Wife should be required to pay her own fees on appeal.

We disagree. This court made no determination as to whether the dissolution court's award for attorney's fees was an abuse of discretion. *Travis*, 163 S.W.3d at 50. We explained that due to our inability to determine the equity of the judgment itself, we also are unable rule on the propriety of the award of attorney's fees. *Id.* *Travis* instructs the trial court, upon reconsideration, to "once again exercise its considerable discretion and again assess legal fees as the court deems appropriate

and as provided by law." *Id.* At any rate, "[a]n appeal is a distinct stage in the proceeding for which attorney fees may be granted. The denial of attorney fees for the trial is not controlling." *Trapani*, 686 S.W.2d at 878.

The issue in this appeal is "did the trial court err with the information it had before it at that time?" In another appeal of an award for prospective attorney's fees, the court observed:

> Although the present stage of the case affords tangible proof of what services counsel *has* rendered, the issue is not what this court may consider a reasonable fee for the services *which have been provided*, but whether the trial court in February, 1989 had evidence before it upon which the allowance was properly made *at that time*.

*Heins v. Heins*, 783 S.W.2d 481, 485 (Mo. App.1990) (emphasis added). In other words, we need not reverse the trial court's decision because of information that has subsequently come to light, such as the reversal of the dissolution judgment in this case. Rather, the propriety of the trial court's decision may be adjudged on the basis of the evidence available to the court at that time. On that basis, we find no abuse of discretion here.

### Conclusion

For the foregoing reasons, the judgment is affirmed.

HOWARD and NEWTON, JJ., concur.